WILLIAM SPRAGUE, trustee of ALMYRA DOYLE,

*vs.*

A. AND W. SPRAGUE MANUFACTURING COMPANY.

Kennebec.     Opinion October 15, 1884.

*Attachment, right of grantees to defend in cases of.  R. S., c. 82, § 19.*

R. S., c. 82, § 19, providing that "grantees may appear and defend suits against their grantors in which the real estate is attached," does not apply to a grantee whose conveyance was prior to the attachment. Nor does it give to a grantee a vested right to appear and defend a suit without application to the court.

ON EXCEPTIONS from superior court.

The opinion states the case.

*Edmund F. Webb* and *Appleton Webb*, for the plaintiff.

*Baker, Baker and Cornish*, for Mr. Chafee.

VIRGIN, J.    Assumpsit to recover an alleged balance of account.    The real estate of the defendant situated in Kennebec county, was attached September 20, 1882, and the writ was returnable to and was entered at the December term following. On the ninth day of the term, defendant was defaulted by agreement.    On the fifth day of the succeeding February term, Z. Chafee filed a petition, alleging therein that he holds a mortgage deed from the defendant, dated December 5, 1873, and duly recorded, and a deed of release and confirmation from the defendant, dated April 6, 1874, and duly recorded, covering all of the real estate attached by the plaintiff; that he is informed and believes that there is a good defence to the action ; and he prays that he may be admitted to defend it, in accordance with the provisions of st. 1879, c. 152.

On the seventeenth day of the last named term, the plaintiff filed a discharge of his attachment of the real estate, in accordance with the provisions of R. S., (1871) c. 81, § 66.

At the succeeding April term, the presiding justice overruled the prayer of the petition to which exception was alleged and allowed.

The statute under which the petitioner claims the right to appear and defend this action provides : " Grantees may appear and defend in suits against their grantors in which the real estate is attached." St. 1879, c. 152 ; R. S., c. 82, § 19.

There are several reasons why we think the court below was right in denying the prayer of the petition :

1. The provision is applicable only to grantees whose conveyances were subsequent to the attachment; otherwise their duly recorded deeds would take precedence of the attachment, and they would have no occasion to defend.

2. The attachment having been legally discharged, the petitioner's case is no longer within the condition mentioned in the statute, and he stands the same as if no attachment had been made.

3. If we look outside of the bill of exceptions and thereby learn that the petitioner holds the conveyance as trustee for the creditors of the defendant, we see no imperative reason for sustaining the petitioner's prayer, inasmuch as the judgment cannot conclude him, not being a party thereto. *Vide Waterman* v. *A. & W. Sprague Man'f. Co.* decided in 1882 by S. J. C. of R. I. and not yet published.

The petitioner contends that the statute gave him a vested right to appear and defend without any petition. We hardly think any one could appear in an action who was not a party thereto, unless he brought himself within some statutory provision, as in this case, and show that his case was one contemplated by the statute.

*Exceptions overruled.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and EMERY, JJ., concurred.